Case 5:24-cv-00045-JHY-JCH    Document 67    Filed 11/10/25    Page 1 of 15
Pageid#: 413

CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
November 10, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| Deise Almeida Ellston, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:24-cv-00045 |
| | ) | |
| Jeffrey LeHew *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is before the court on Defendants Jeffrey LeHew; Jay LeHew; Nicholas LeHew; Advent of Virginia, Inc.; Jeffrey L. LeHew Family, LLC I-XIV; Via Satellite, Inc.; JLL Aviation, LLC; JLL Family, LLC; and JLL Venture, LLC's second motion to dismiss (Dkt. 44), as well as Plaintiff Deise Almeida Ellston's motion to strike the motion to dismiss (Dkt. 63), motions for sanctions (Dkts. 51, 53), motion for leave to file supplemental evidence (Dkt. 39), motion to restrict further Rule 12(b)(6) motions (Dkt. 52), and motion to expedite ruling on pending motions (Dkt. 56). For the reasons that follow, the court will grant Defendants' motion to dismiss (Dkt. 44) and deny Ellston's six motions (Dkts. 39, 51, 52, 53, 56, 63).

**I.    Background**

The underlying facts are set out in more detail in this court's March 28, 2025, memorandum opinion resolving Defendants' motion to dismiss the first amended complaint,

Case 5:24-cv-00045-JHY-JCH    Document 67    Filed 11/10/25    Page 2 of 15
                                  Pageid#: 414

(Mem. Op. (Dkt. 40)), as well as in the Report and Recommendation ("R&R") issued by the Honorable Joel C. Hoppe, United States Magistrate Judge on November 21, 2024, (Dkt. 35). The court does not restate all the facts here. But the facts that are included in this section are derived from Ellston's complaints. For purposes of resolving Defendants' motion to dismiss, the court accepts the facts alleged in the complaints as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Following removal from state court, on July 23, 2024, Plaintiff Deise Almeida Ellston filed her first amended complaint, proceeding *pro se*, against Defendants Jeffrey LeHew, Jay LeHew, and Nicholas LeHew (collectively, the "LeHew Defendants") and Advent of Virginia, Inc.; Jeffrey L. LeHew Family, LLC I-XIV; Via Satellite, Inc.; JLL Aviation, LLC; JLL Family, LLC; and JLL Venture, LLC (collectively, the "Entity Defendants"). (Am. Compl. (Dkt. 14).) Ellston alleged that she was retaliated against and wrongfully terminated by her employer, Via Satellite, Inc., after she reported harassment and racism perpetrated by her supervisor. (*Id.* at 3–4.) On November 30, 2024, about a week after Judge Hoppe issued the R&R recommending that this court grant Defendants' motion to dismiss, (Dkt. 35), Ellston filed objections to the R&R, (Dkt. 36).

On March 28, 2025, this court overruled all of Ellston's objections—except as to the magistrate judge's decision not to consider the original pleading—and adopted the R&R as modified. (Mem. Op.) Because of Ellston's *pro se* status, the court considered both the longer original complaint and the pared-down first amended complaint in ruling on the motion to dismiss. (*Id.* at 12–13.) Nevertheless, the court dismissed all of Ellston's claims for failure to

state a claim upon which relief can be granted. Specifically, the court dismissed with prejudice Ellston's Americans with Disabilities Act ("ADA") claim as to the LeHew Defendants and her Virginia Fraud and Abuse Whistle Blower Protection Act ("VFAWPA") claim as to all Defendants. (*Id.* at 20.) The court dismissed without prejudice her Virginia Whistleblower Protection Law ("VWPL") claim and her ADA claims against the Entity Defendants. (*Id.*) The court granted Ellston leave to amend her ADA claims against the Entity Defendants and her VWPL claim against all Defendants. (*Id.*)

On April 12, 2025, following the court's dismissal, Ellston amended her complaint in a short filing that largely resembles the first amended complaint. (Second Am. Compl. (Dkt. 42).) In this second amended complaint, Ellston brings three claims: (1) disability discrimination under the ADA, (2) retaliation under the ADA, and (3) retaliation under the VWPL, Va. Code Ann. § 40.1-27.3. (*Id.* ¶¶ 18–30.) She alleges many of the same facts found in her first amended complaint, with only a few additions. First, as to her diagnoses of depression, ADHD, anxiety, and PTSD, she alleges that her "supervisors and HR representatives were aware of these conditions through internal communication and direct reports," and that she performed her duties diligently despite such conditions. (*Id.* ¶¶ 10–12.) She also alleges that she was "denied access to essential software and proper training," "subjected to repeated verbal humiliation . . . focused on her mental health and English fluency," and forced to "complet[e] abandoned work from coworkers, without appropriate compensation." (*Id.* ¶¶ 12–13.)

Additionally, Ellston includes slightly more detail in her second amended complaint about the timeline of her internal complaint, termination, and EEOC charge. She alleges that on April 11, 2024, she filed an internal complaint reporting violations of federal and state law, including "workplace harassment, safety concerns, and discriminatory behavior." (*Id.* ¶ 14.) Four days later, on April 15, Ellston was terminated "during a meeting in which her concerns were dismissed." (*Id.* ¶ 15.) As a result, she "timely filed a charge with the EEOC." (*Id.* ¶ 17.) Almost a year after her termination, on March 26, 2025, Ellston received a right-to-sue letter. (*Id.*) She claims that she "has suffered financial hardship and emotional distress as a result of the discriminatory and retaliatory actions." (*Id.* ¶ 16.) Once again, Ellston asks for compensatory damages "not less than $100,000," "punitive damages as permitted by law," and any other relief the court deems proper. (*Id.* at 3.)

On April 28, 2025, the Defendants filed a motion to dismiss Ellston's second amended complaint for failure to state a claim. (Dkt. 44.) Defendants contend that Ellston's ADA and VWPL claims against the Entity Defendants fail because they do not have enough factual support. (Defs.' Br. at 2 (Dkt. 45).) They also argue that the ADA claims must be dismissed because Ellston failed to exhaust administrative remedies through the EEOC for such claims. (*Id.*) Defendants cite an attachment showing Ellston's EEOC charge, which only alleges discrimination based on "race and national origin." (Dkt. 45-1 at 1.) Finally, Defendants argue that Ellston "has not alleged facts to put any Defendant on notice of which Defendant violated the law," such that all claims against the Defendants must be dismissed. (*Id.*)

Ellston filed a brief in opposition on May 2, 2025. (Dkt. 47.) Five days later, on May 7, 2025, she filed a "motion to deny defendants' motion to dismiss." (Dkt. 49.) Although Ellston categorized this filing as a separate motion, the document merely repeats the arguments she made in her initial brief in opposition to Defendants' motion to dismiss, (Dkt. 47), lists some additional case law and constitutional amendments generally pertaining to discrimination and retaliation claims, (Dkt. 49-1 at 2), and adds a few allegations about her difficulty securing employment following her termination, (*id.* at 2–3). On May 9, 2025, Defendants replied to Ellston's brief in opposition to Defendants' motion to dismiss the second amended complaint and her "motion to deny defendants' motion to dismiss." (Dkt. 50.)

The next day, Ellston filed several motions: a motion "to limit or restrict further Rule 12(b)(6) motions without leave of court," (Dkt. 52), a motion for sanctions against the Defendants, (Dkt. 53), and a motion to "expedite the ruling on pending motions," (Dkt. 56). Defendants filed briefs opposing the motion to limit 12(b)(6) motions, (Dkt. 61), and the motion for sanctions, (Dkt. 60). On May 28, 2025, Ellston also filed a motion to strike as untimely Defendants' motion to dismiss her second amended complaint. (Dkt. 63.) Defendants once again opposed the motion in a brief asserting that their motion to dismiss was timely. (Dkt. 66.)

## II.   Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual allegations "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556

- 5 -

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

When addressing a 12(b)(6) motion, the court must consider the facts from the complaint as true and "draw all reasonable inferences in favor of the plaintiff." *Id.* The court also liberally construes the pleadings when, as here, a complaint is filed by a *pro se* litigant. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This rule "allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). However, application of the liberal construction rule "does not transform the court into an advocate" for a *pro se* litigant. *Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). *Pro se* parties must nevertheless comply with the pleading requirements in the Federal Rules of Civil Procedure. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

Pursuant to Local Rule 11(c)(1), after a party files a motion, "the opposing party must file a responsive brief and such supporting documents as are appropriate within 14 days after service." W.D. Va. Gen. R. 11(c)(1). "No further briefs (including letter briefs) are to be submitted without first obtaining leave of court." *Id.* Ellston's "motion to deny defendants' motion to dismiss," (Dkt. 49), was filed several days after her first "response to defendants' motion to dismiss," (Dkt. 47). First, a motion to deny a motion to dismiss is not a procedural mechanism available in federal court. Further, while the filing appears to supplement or

- 6 -

amend her initial response to the defendants' motion to dismiss, Ellston did not obtain leave to file a supplemental brief, nor did she suggest that the later May 7 filing was an amended response intended to supplant the May 2 filing.

Despite Ellston's procedural mistakes, the court applies a liberal construction to her filings. Defendants had a chance to respond to both filings, and Ellston filed both documents before the deadline for her responsive brief on May 12, 2025. To afford an appropriate solicitude to Ellston, who is proceeding *pro se*, the court will construe Ellston's second response as a supplemental brief and consider both briefs when evaluating Defendants' motion to dismiss the second amended complaint. *See Perrotta ex rel. S.J.P. v. Astrue*, No. 2:10CV627, 2012 WL 503042, at *1 n.3 (E.D. Va. Jan. 18, 2012), *report and recommendation adopted*, No. 2:10CV627, 2012 WL 529923 (E.D. Va. Feb. 17, 2012) (considering contents of a brief filed by a *pro se* litigant without leave of court).

### III. Analysis

**A. Ellston's Motion to Strike and Motions for Sanctions**

Before analyzing the motion to dismiss, the court denies Ellston's motion to strike the Defendants' motion to dismiss (Dkt. 63) and declines to impose sanctions against Defendants' counsel (Dkts. 51, 53).

The court agrees with Defendants that their motion to dismiss the second amended complaint was timely filed. When the 14-day period following the filing of the second amended complaint falls on Saturday, April 26, 2025, as here, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P.

6(a)(1)(C). Because Defendants' deadline fell on a Saturday, their motion to dismiss filing on the following Monday, April 28, 2025, was timely. (Dkt. 45.) Thus, Ellston's motion to strike (Dkt. 63) is denied. Defendants' request for attorney's fees incurred related to Ellston's motion to strike is also denied.

As for Ellston's motions for sanctions, (Dkts. 51, 53), the record is devoid of any evidence that would warrant sanctions against Defendants or counsel in this case. In both motions, Ellston argues that Defendants' three successive motions to dismiss were filed with an "intent to delay proceedings." (Dkt. 51; *see* Dkt. 53.) However, the Defendants properly filed these motions in response to each of Ellston's new amended complaints. (*See* Dkts. 5, 21, 44); *see also Dykes v. Portfolio Recovery Assocs., LLC*, 306 F.R.D. 529, 530 (E.D. Va. 2015) ("It is well settled that an amended pleading supersedes the original, and motions directed at superseded pleadings must be denied as moot."); *Hostetter, Keach & Cassada Const., LLC v. Miller & Anderson, Inc.*, No. 5:10-cv-00069, 2011 WL 767739, at *3 (W.D. Va. Feb. 25, 2011) (instructing the defendant to refile their motion to dismiss following plaintiff's filing of an amended complaint). Moreover, Ellston's complaint that defense counsel used "[d]ismissive [l]anguage" in their filings does not justify sanctions. (Dkt. 51 at 2.) Her other assertions—that defense filings argued "legally baseless" claims, wasted judicial resources, and were misleading or made in bad faith—are entirely unsupported by the record. (Dkts. 51, 53.)

### B. Defendants' Motion to Dismiss

Like her first amended complaint, Ellston's second amended complaint contains only a short set of factual allegations. (*See* Second Am. Compl. at 2.) The four-page filing is devoid

- 8 -

of the more detailed narrative included in her original complaint. (*See* Dkt. 9 at 3–5.) In its earlier memorandum opinion, the court construed the sparse first amended complaint as a supplement to Ellston's longer original complaint. (Mem. Op. at 12 (citing *Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017))); *see May v. Martin Fein Int. Ltd.*, No. 5:21-cv-00083, 2023 WL 6295125, at *2 (E.D.N.C. Sept. 27, 2023) ("[C]ourts in this circuit regularly consider factual allegations in a pro se plaintiff's original and amended complaint, and liberally construe filings associated with an amended complaint."). Once again, the court will consider the factual allegations in Ellston's original and amended complaints for the purposes of resolving Defendants' motion to dismiss.

Furthermore, the defendants include evidence of Ellston's EEOC charge and right-to-sue letter in their motion to dismiss. (*See* Dkt. 45-1.) Ellston did not include such evidence in any of her complaints, but she filed a motion for leave to file the right-to-sue letter on March 17, 2025. (Dkt. 39.) Shortly after, the court determined that it need not reach the question of whether it was appropriate to consider the EEOC filings. (*See* Mem. Op. at 18.) If additional evidence like the EEOC documentation is presented to a court on motion under Rule 12(b)(6), the motion must generally "be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, the Fourth Circuit has held that courts can consider a document attached to a motion to dismiss when it is "'integral to and explicitly relied on in the complaint,' and when 'the plaintiffs do not challenge [the document's] authenticity.'" *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015) (quoting *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004)).

The EEOC charge and right-to-sue letter, both of which are attached to the Defendants' motion to dismiss, are integral to and explicitly relied on in Ellston's second amended complaint. Ellston references these documents when alleging that she "timely filed a charge with the EEOC and received a right-to-sue letter." (Second Am. Compl. ¶ 17.) The EEOC documentation is also integral to her complaint, as it confirms whether she administratively exhausted her ADA claims and thus whether she can bring such claims in federal court. Finally, Ellston does not challenge the authenticity of Defendants' attachment. In fact, she attaches the exact same set of documents to her response to the motion to dismiss. (Dkt. 47-1.) Therefore, the court will consider the EEOC charge and right-to-sue letter when deciding whether to grant Defendants' motion to dismiss, without treating it as a motion for summary judgment.

    1. <u>ADA Discrimination and Retaliation Claims (Count I and II)</u>

First, Defendants contend that Ellston's second amended complaint defies the court's earlier memorandum opinion because she brings ADA claims against the LeHew Defendants after the court dismissed such claims with prejudice. (Defs.' Br. at 3–4.) In her second amended complaint, it is unclear whether Ellston attempts to claim that the LeHew Defendants violated the ADA; Ellston only names the Entity Defendants in the "Parties" section of her second amended complaint, (Second Am. Compl. ¶¶ 2–5), but she refers generally to "Defendants" when delineating her ADA claims for relief, (*id.* ¶¶ 18–26.) However, she "acknowledge[s]" the court's dismissal of the ADA claims against the LeHew Defendants in her reply brief. (Dkt. 47 at 5.) To the extent that Ellston alleges that the LeHew

Defendants violated the ADA, such claims were previously dismissed with prejudice and may not be raised again in her second amended complaint. (*See* Mem. Op. at 20.)

As for the ADA discrimination claim brought against the Entity Defendants, Ellston fails to allege sufficient facts supporting a plausible claim of ADA discrimination. To state a claim of ADA discrimination, Ellston must allege that (1) she was an individual with a qualifying disability; (2) she was terminated by her employer; (3) she was fulfilling her employer's legitimate expectations when she was terminated; and (4) the circumstances of her discharge "raise a reasonable inference of unlawful discrimination" against the plaintiff based on her disability. *Kelly v. Town of Abingdon, Va.*, 90 F.4th 158, 169 (4th Cir. 2024) (quoting *Reynolds v. Am. Nat'l Red Cross*, 701 F.3d 143, 150 (4th Cir. 2012)). Ellston's second amended complaint alleges that her depression, ADHD, anxiety, and PTSD "substantially limit one or more major life activities," that her employer was "aware of these conditions," and that she "performed her job duties diligently." (Second Am. Compl. ¶¶ 10–12.) However, she does not include any facts to support these conclusory statements about her fulfillment of employment expectations or Defendants' awareness of her conditions, nor does she include any facts tending to raise a reasonable inference that such conditions played even a minimal role in her employer's decision to terminate her employment. *See Iqbal*, 556 U.S. at 678 (holding that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" for pleadings to survive a motion to dismiss).

Similarly, Ellston's second amended complaint does not allege sufficient facts to support a plausible claim for retaliation under the ADA against the Entity Defendants. A

retaliation claim must properly allege that (1) the plaintiff engaged in "protected conduct," (2) the plaintiff "suffered an adverse action," and (3) "a causal link exists between the protected conduct and the adverse action." *Reynolds*, 701 F.3d at 154. "Protected conduct" includes conduct "oppos[ing] any act or practice made unlawful by this chapter or because such an individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." Americans with Disabilities Act of 1990, 42 U.S.C. § 12203(a).

In her second amended complaint, Ellston still only alleges that her internal complaint reported "workplace harassment, safety concerns, and discriminatory behavior." (Second Am. Compl. ¶ 11.) These vague topics—almost identical to those listed in the first amended complaint—do not specify that Ellston reported any discrimination based on her disabilities. Although Ellston states that she "was subjected to repeated verbal humiliation, particularly focused on her mental health" at some point prior to filing the internal complaint, (*id.* ¶ 13), she does not allege that any of the actions discussed in her internal report to HR constitute ADA violations, nor does she plausibly allege "the predicate for a reasonable, good faith belief" that her supervisor's conduct violated the ADA. *See Freilich v. Upper Chesapeake Health, Inc.*, 313 F.3d 205, 216 (4th Cir. 2002).

Even if Ellston's three complaints adequately supported a plausible discrimination or retaliation claim, such claims are nevertheless barred because she failed to exhaust the EEOC grievance process as to any ADA claims. Ellston's EEOC charge, filed on January 16, 2025, only alleged that her termination constituted discrimination and retaliation based on "national

origin" and "race." (Dkt. 45-1 at 1.) Ellston does not even reference her disability or disabilities in her EEOC charge. (*Id.* at 1–2.) If a plaintiff "did not mention anywhere in the charge, including in the factual narrative, that [she] was disabled," the EEOC "cannot reasonably have been expected to have investigated disability discrimination." *Talbot v. U.S. Foodservice, Inc.*, 191 F. Supp. 2d 637, 640 (D. Md. 2002) (citing *Sloop v. Memorial Mission Hosp., Inc.*, 198 F.3d 147, 149 (4th Cir. 1999)); *see also Mercer v. PHH Corp.,* 641 F. App'x 233, 239 (4th Cir. 2016) ("Given that [plaintiff] failed to present his claim of race discrimination in his administrative charge, we conclude that he forfeited his claim."). In such cases, the plaintiff has not adequately exhausted administrative remedies for her disability discrimination or retaliation claims. *Talbot*, 191 F. Supp. 2d at 640. As a result, even if Ellston sufficiently alleged a claim upon which relief could be granted, she could not proceed in court on an ADA claim regarding discrimination or retaliation based on her disabilities. *See Chacko v. Patuxent Inst.*, 429 F.3d 505, 513 (4th Cir. 2005) ("We have generally dismissed any claims in which the plaintiff has not exhausted his administrative remedies before bringing suit.").

    2. <u>VWPL Claim (Count III)</u>

Ellston also fails to state a VWPL claim upon which relief can be granted. For a VWPL claim, the plaintiff must allege facts sufficient to show that (1) "she or someone acting on her behalf made a good faith report or provided information or testimony of a federal or state law violation to a qualifying entity," (2) "she was discriminated or retaliated against by her employer," and (3) "her report, information, or testimony was the 'but for' cause of the discrimination or retaliation." *Blake v. Frederick Cnty. Fire & Rescue Dep't*, No. 5:24-cv-00068,

2025 WL 906794, at *9 (W.D. Va. Mar. 25, 2025). To survive a motion to dismiss, "a plaintiff must plausibly link the reported misconduct to violations of law." *Workman v. LHC Group, Inc.*, 2024 WL 3572305, at *4 (W.D. Va. July 29, 2024).

In her second amended complaint, Ellston now adds that she filed an internal complaint reporting "workplace harassment, safety concerns, and discriminatory behavior, including violations of federal and state laws" four days before she was terminated. (Second Am. Compl. ¶ 14.) But Ellston still does not include allegations suggesting that it was reasonable for her to believe that her supervisor or employer's alleged misconduct violated federal or state law. Her allegations of "verbal humiliation" and "harassment" are too barebones to show that she not only "subjectively believed that the reported conduct violated the law, but also that this belief was objectively reasonable." *Workman*, 2024 WL 3572305, at *3; *see Petersen v. DC Mech., LLC*, No. 1:22-cv-784, 2022 WL 22695554, at *4 (E.D. Va. Aug. 24, 2022) (dismissing a VWPL claim because "plaintiff has not alleged sufficient facts showing that the reports he made of 'unlawful, and unethical practices' were reports about violations of federal or state law").

In sum, even when accepting the factual allegations in each of Ellston's complaints as true and construing the pleadings liberally, the court finds that she has failed to sufficiently plead her claims under the ADA and VWPL. Accordingly, Counts I, II and III will be dismissed.

## IV. Conclusion

For the foregoing reasons, the court will **GRANT** Defendants' motion to dismiss (Dkt. 44). Ellston's VWPL claims and ADA claims against the Defendants will be dismissed with prejudice. Ellston amended her complaint once as of right. Then, after the court apprised Ellston of the deficiencies in her amended complaint in its first memorandum opinion, (Mem. Op. at 12–20), Ellston was granted leave to amend and resolve the deficiencies but failed to do so in her second amended complaint. Thus, dismissal with prejudice is appropriate.

The court will also **DENY** Ellston's motion to strike the motion to dismiss (Dkt. 63) as well as her motions for sanctions against the Defendants' counsel (Dkts. 51, 53) for the reasons stated above. Finally, the court will **DENY** Ellston's remaining motions—the motion "for leave to file supplemental evidence" (Dkt. 39), motion "to limit or restrict further Rule 12(b)(6) motions without leave of court" (Dkt. 52), and motion to "expedite the ruling on pending motions" (Dkt. 56)—as moot.

An appropriate Order shall accompany this Memorandum Opinion.

**ENTERED** this 10th day of November, 2025.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE